UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>  Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES dba HOMEGOODS SAN DIEGO,<br><br>  Defendant. | Case No.: 21CV1435-GPC(BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUA SPONTE DECLINING SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIM**<br><br>**[Dkt. No. 23.]** |

Before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Dkt. No. 23.) Plaintiff filed an opposition. (Dkt. No. 25.) Defendant filed a reply. (Dkt. No. 26.) On July 15, 2022, Defendant filed a notice of supplemental authority. (Dkt. No. 29.) Based on the reasoning below, the Court DENIES Defendant's motion to dismiss the federal claim under the Americans with Disability Act and *sua sponte* DECLINES supplemental jurisdiction over the state law claim under the Unruh Civil Rights Act and DISMISSES it without prejudice to refiling it in state court.

/ / /

# BACKGROUND

On August 11, 2021, Plaintiff Fernando Gastelum ("Plaintiff"), proceeding pro se, filed a complaint against Defendant The TJX Companies Inc. ("Defendant") for violations of the Americans with Disabilities Act and "California's civil rights law." (Dkt. No. 1, Compl.)  On March 22, 2022, the Court granted Plaintiff's unopposed motion for leave to file an amended complaint and denied Defendant's motion to dismiss the complaint as moot.  (Dkt. No. 18.) On March 28, 2022, Plaintiff filed the operative FAC alleging violations of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code sections 51-53. (Dkt. No. 19, FAC.)

Plaintiff is a 62-year old man with a missing leg and uses a wheelchair for mobility. (*Id.* ¶ 1.)  Where locations are not designed for wheelchair use, Plaintiff uses a prosthetic leg and cane to move short distances. (Dkt. No. 25-1, Gastelum Decl. ¶ 4.) Plaintiff resides in Casa Grande, Arizona.  (*Id.* ¶ 11.)

Defendant owns the Homegoods Store ("Store") at 3331 Rosecrans Street in San Diego, CA.   (Dkt. No. 19, FAC ¶ 3.)  Plaintiff visited the Homegoods Store on June 28, 2021 in order to avail himself to its goods and services and motivated in part to see if it complied with the disability access laws.  (*Id.* ¶ 8.)  On that date, Plaintiff alleges he personally encountered the following two barriers as a wheelchair user: 1) protruding objects that reduced the width of accessible routes between rows of merchandise displays; and 2) the width of accessible routes was less than 32 inches between rows of merchandising displays.  (*Id.* ¶¶ 9, 10.)  Plaintiff claims these barriers denied him full and equal access to Defendant's store.  (*Id.* ¶ 11.)  Plaintiff maintains he is often in the area where the Homegoods Store is located and will return to the Homegoods Store to avail himself of its goods and services and to determine compliance with the disability access laws once he is informed that the Homegoods Store is accessible.  (*Id.* ¶¶ 15, 16.)  He is currently deterred from returning because of the existing barriers he has personable knowledge about.  (*Id.* ¶¶ 8, 16.)  Plaintiff intended to return, and in fact returned on

January 27, 2022. (*Id.* ¶ 18.) On this second visit, he again personally encountered barriers to access and wanted to return and avail himself to Homegoods Store's business but was again deterred due to his actual personal knowledge of the barriers. (*Id.* ¶ 19.) In addition to the two barriers he encountered on his first visit, he also encountered a barrier where the restroom door required twisting of the wrist to operate; thus, making it more difficult for Plaintiff to open the restroom door in his wheelchair. (*Id.* ¶ 20.) He again claims he will return to Defendant's store to avail himself of its goods and services and to determine ADA and Unruh Civil Rights Act compliance once it is clear to him that the store is accessible, and is currently deterred from doing so due to his knowledge of the existing barriers. (*Id.* ¶ 27.) Plaintiff alleges he plans to return to San Diego in June 2022.[1] (*Id.* ¶ 29.) He alleges violations under the ADA and California's Unruh Civil Rights Act. (*Id.* ¶¶ 42-49.) The FAC seeks injunctive relief requiring Defendant to comply with the ADA and Unruh Civil Rights Act, damages under the Unruh Civil Rights Act, and equitable nominal damages for violation of civil rights. (*Id.* at p. 8-9.[2])

## DISCUSSION

**A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Article III case or controversy requirement limits a federal court's subject-matter jurisdiction by requiring . . . that plaintiffs have standing and that claims be 'ripe' for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). Lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Rule 12(b)(1)

---

[1] In Plaintiff's declaration, he states he plans to return to San Diego in October 2022. (Dkt. No. 25-1, Gastelum Decl. ¶ 26.)

[2] Page numbers are based on the CM/ECF pagination.

jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Under a factual attack, the allegations in the complaint are not presumed to be true, *White,* 227 F.3d at 1242, and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union H.S., Dist. No. 205, Maricopa Cnty*., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). The district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *See id*. However, "[a] court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted). Ultimately, Plaintiff has the burden to demonstrate that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Here, Defendant alleges a factual attack. (Dkt. No. 23-1 at 10.)

**B.     Article III Standing Under the ADA**

Plaintiff brings a cause of action under the ADA. The ADA prohibits discrimination that interferes with disabled individuals' "full and equal enjoyment" of places of public accommodation. 42 U.S.C. § 12182(a). Unlawful discrimination under the ADA occurs when an accommodation "subjects an individual . . . to a denial of the

opportunity . . . to participate in or benefit from the . . . accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i). Individuals may only seek injunctive relief under Title III of the ADA. *Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1136 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)).

Article III, section 2 of the United States Constitution requires that a plaintiff have standing to bring a claim. *See* U.S. Const. art. III, § 2. In order "to satisfy Article III's standing requirements, a plaintiff must show (1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The party seeking federal jurisdiction has the burden of establishing its existence. *Lujan,* 504 U.S. at 561. The Supreme Court has instructed courts to take a "broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.,* 409 U.S. 205, 209 (1972)).

In addition to the standing requirements, a plaintiff seeking injunctive relief must demonstrate "a sufficient likelihood that he will be wronged again in a similar way." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (quoting *Fortyune v. Am. Multi–Cinema, Inc*., 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting *City of Los Angeles. v. Lyons*, 461 U.S. 95, 111 (1983)). In other words, a plaintiff must show he faces a "real and immediate threat of repeated injury." *Id.* (quoting *Fortyune,* 364 F.3d at 1081) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). While "past wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy," *Lyons,* 461 U.S. at 103,

"past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 496.

Under the ADA, a plaintiff may show a real and immediate threat of injury in two ways: (1) the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation" also known as the deterrent effect doctrine; or (2) "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier" also known as intent to return theory. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 950 (9th Cir. 2011); *see also Ervine,* 753 F.3d at 867.

In its moving papers, Defendant challenges the injunctive relief aspect of Article III standing arguing Plaintiff has not shown a "sufficient likelihood that he will be wronged again in a similar way" or in other words, that he faces a "real and immediate threat of repeated injury." (Dkt. No. 23-1 at 11-12.) However, in its reply, Defendant argues, for the first time, that Plaintiff has not established an injury-in-fact to support Article III standing because the FAC and Plaintiff's declaration, filed in opposition, fails to state whether he used a wheelchair when he visited Defendant's store. (Dkt. No. 26 at 2-3.) In the procedural history section of the motion, Defendant merely challenges the allegation in the FAC that Plaintiff uses a wheelchair for mobility by citing to a declaration[3] authenticating a surveillance video posted on YouTube in another case, *Gastelum v. Blue Diamond Hosp. LLC*, Case No. 21cv6234-EJD, Dkt. No. 29-3 (N.D. Cal. Feb. 18, 2002), showing Plaintiff walking through the front door of a Home2 Suites hotel on July 1, 2021, three days after visiting Defendant's store. (Dkt. No. 23-1 at 9-10.) Defendant did not present legal argument that Plaintiff has failed to show injury-in-fact in its motion.

---

[3] Defendant did not file a request for judicial notice for the declaration.

As a starting point, Defendant may not raise new legal issues or arguments for the first time in its reply brief. *See United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("We decline to consider this issue [raised for the first time in the reply] because "arguments not raised by a party in its opening brief are deemed waived."). Because the issue of injury-in-fact is raised for the first time in the reply, the Court declines to address Defendant's argument.  However, even if the Court considered the video, it does not rebut the allegations in the FAC where Plaintiff implicitly alleges he used his wheelchair on the day he visited Defendant's Store on June 28, 2021.  The video merely shows Plaintiff, if in fact it is him, walking into a different public accommodation three days after he visited Defendant's Store.  Moreover, Plaintiff declares that he uses both a wheelchair where locations are designed for wheelchair use and a prosthetic leg and a cane where locations are not designed for wheelchair use and requires short distances.  (Dkt. No. 25-1, Gastelum Decl. ¶¶ 3-4.)  Therefore, a video captured on another date at a different location does not rebut the assertion that Plaintiff used a wheelchair on the day he visited the Store on June 28, 2021.

### 1. **Real and Immediate Threat of Repeated Injury**

#### a. **Deterrent Effect Doctrine**

Defendant argues that Plaintiff has not alleged sufficient facts to support a deterrence theory of injury; instead, he provides conclusory allegations. (Dkt. No. 23-1 at 12.)  Plaintiff responds that he alleged that he is currently being deterred from returning to Defendant's Store due to the known existing barriers and that he intends to return to the Store. (Dkt. No. 25 at 9.)

Under the deterrent effect doctrine, "a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation" because "a plaintiff who is deterred from patronizing a store suffers the ongoing 'actual injury' of lack of access to the store."

*Chapman*, 631 F.3d at 950; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008). ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."). "To establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier." *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015). Conclusory statements that a plaintiff intends to visit an establishment in the future are insufficient to make this showing. *Id.* Moreover, a plaintiff's alleged "deterrence cannot merely be conjectural or hypothetical." *Vogel v. Salazar*, No. SACV 14–00853–CJC (DFMx), 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). If a plaintiff can show "either that he was deterred from visiting the accommodation on specific past occasions when he otherwise would have visited it because of the known barriers there, or that he was deterred from patronizing certain areas of the accommodation or engaging in specific activities there because of those barriers, he has established an injury in fact sufficient for purposes of Article III standing under *Pickern*." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 n.4 (9th Cir. 2008). The ADA "does not limit its antidiscrimination mandate to barriers that completely prohibit access." *Id*. So, it is not necessary for Article III standing purposes that an accessibility barrier "completely preclude the plaintiff from entering or from using a facility" in any way; rather, "the barrier need only interfere with the plaintiff's "full and equal enjoyment" of the facility. *See* 42 U.S.C § 12182(a); *Chapman*, 631 F.3d at 947. So long as the discriminatory barriers exist, and "so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Civ. Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) (citing *Pickern*, 293 F.3d at 1135).

On deterrence, "[p]ast visits to the establishment and its geographic area, as well as specific articulated reasons to return, all lend plausibility to allegations of intent to return once a barrier is cured." *Whitaker v. Ramon Bravo, Inc.*, Case No. 21-cv-03714-JCS, 2021 WL 4133871, at *4 (N.D. Cal. Sept. 10, 2021) (Rule 12(b)(6) motion) (citing *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (finding that a

plaintiff's past visits to Santa Barbara, her enthusiasm for the area, and articulated reasons for intending to return to the specific establishment demonstrated intent to return); *Civ. Rights Educ. & Enf't Ctr*, 867 F.3d at 1100 (citing the Eleventh Circuit's assessment of "various factors" such as "prior visits, proximity of residence to store, plans for future visits, and status as an ADA tester who has filed many similar lawsuits" as relevant for whether an ADA plaintiff would return to the defendant's establishment in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013)). In addition, Plaintiff's status as an ADA tester may be relevant to the inquiry whether he has standing because it provides a plausible reason for his return in order to verify compliance. *Id.* at *5 *(citing Whitaker v. Panama Joes Invs. LLC*, 840 Fed. App'x 961, 963 (9th Cir. 2021) (finding imminent injury when a plaintiff "intend[ed] to return to the restaurant to avail himself of its services and determine if it complies with the ADA"); and *Rutherford v. Kelly*, No. 3:20-cv-00293-L-BGS, 2021 WL 488342, at *7 (S.D. Cal. Feb. 9, 2021) (finding that status as an ADA tester and past visits relevant to an establishment of injury for standing purposes)).

In this case, Plaintiff visited the Store on June 28, 2021 and encountered barriers. *(*Dkt. No. 19, FAC ¶ 8; Dkt. No. 25-1, Gastelum Decl. ¶ 22.) He claims he is often in the area where the Homegoods Store is located and will return to it to avail himself of its goods and services and to determine compliance with the disability access laws once he is informed that the Homegoods Store is accessible. (Dkt. No. 19, FAC ¶¶ 15, 16.) He is currently deterred from returning because of the existing barriers he has personable knowledge about. (*Id.* ¶¶ 8, 16.) Plaintiff also provides a declaration providing his reasons to return but for the barriers. (Dkt. No. 25-1, Gastelum Decl.) While Plaintiff resides in Casa Grande, Arizona[4] because it is economical, he would prefer to live in California. (*Id.* ¶ 11.) He regularly travels all over California to enjoy locations and

---

[4] Casa Grande is 348 miles from the Store. (Dkt. No. 23-1 at 8.)

activities that are not available in Casa Grande.  (*Id.* ¶ 12.)  He enjoys the location and activities that are unavailable to him in Casa Grande such as the Pacific Coast from San Diego to San Francisco.  (*Id.* ¶ 13.)  Casa Grande is conveniently located on Interstate 8 which provides a direct route to San Diego, where there are beaches, and Sea World, his "liked destinations."  (*Id.* ¶ 16.)  He enjoys shopping at TJX Stores, including Homegoods Stores because of the prices, selection, style and locations.  (*Id.* ¶ 20.)

He takes several annual trips to California, including to Southern California.  (*Id.* ¶ 15.)  He visits San Diego two to three times a year and plas to visit in October 2022.  (*Id.* ¶¶ 26, 28.)  When he travels to San Diego, he lodges at reasonably priced hotels like Motel 6, and Holiday Inn, eats at reasonably priced restaurants such as IHOP and prefers to shop at inexpensive stores of TJX Companies, such as Homegoods[5], TJ Maxx and Marshalls.  (*Id.* ¶¶ 17, 19.)  He has shopped at Marshalls, Homegoods and TJX Stores more than 30-40 times prior to June 2021.  (*Id.* ¶ 21.)

The Court concludes that Plaintiff, with his declaration, has sufficiently shown that he visited the Store on June 28, 2021 and would return but for the barriers.  While the Court recognizes the broad, general statements made by Plaintiff concerning his interest in visiting different regions of California, his prior visits to various regions of California and his intent to return to California, Plaintiff provides some statements of his intent to return to the San Diego area and to visit the Store.  For example, he states he finds San Diego attractive due to the beach and Sea World and he visits San Diego two to three times a year.  He also plans to return to San Diego in October 2022.  Further, his status as an ADA tester also indicates he would return but for the barrier.  *See Ramon Bravo, Inc.*, 2021 WL 4133871, at *4 (status as an "ADA tester lends credibility to his claim that he will return to verify compliance"). Because Plaintiff encountered barriers that impeded

---

[5] Plaintiff mistakenly states he visited Homewoods, instead of Homegoods.  (Dkt. No. 25-1, Gatselum Decl. ¶¶ 21, 22.)

his ability to fully and equally enjoy Defendant's Store, and intends to return but is deterred, he has demonstrated standing under Article III.

Defendant also argues that Plaintiff cannot rely on a deterrence theory of injury because he returned to the Store on January 22, 2022 after he already encountered alleged barriers on his first visit on June 28, 2021. (Dkt. No. 23-1 at 15.) The Ninth Circuit has not indicated that courts should refuse to find deterrence when plaintiffs continue to patronize a defendant's store. To the contrary, the Ninth Circuit has repeatedly stated that any barrier preventing plaintiffs from patronizing certain areas, engaging in certain activities, or accessing full and equal enjoyment of a facility constitutes an injury in fact for Article III standing purposes. *See Doran*, 524 F.3d at 1041; *C.R. Educ. & Enf't Ctr.*, 867 F.3d at 1099 (citing *Pickern*, 293 F.3d at 1135).

Further, Defendant maintains that the Court should consider Plaintiff's credibility based on his prolific filings of 42 nearly identical ADA complaints at 53 stores/hotels in twelve days between June 28 to July 4, 2021, August 10-11, 2021 and January 25-27, 2022. (Dkt. No. 23-1 at 20-26.) Defendant's argument is contrary to Ninth Circuit precedent. It relies on cases that pre-date the Ninth Circuit decision in *C.R. Educ. & Enf't Ctr*, where the court held that a plaintiff's motive underlying their intent to return is irrelevant to standing under Title III of the ADA. *See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d at 1102. Thus, Defendant's argument is not well taken.

Finally, Defendant argues that Plaintiff's assertion that he has the time, a car and financial ability to return to the Store is highly unlikely based on an in forma pauperis application he filed in another case in *Gastelum v. Hees II San Diego,* No. 21cv1337-JLS-RBB, ECF No. 2 (S.D. Cal. July 27, 2021).[6] The Court sees no relevance of an IFP

---

[6] In reply, Defendant filed a request for judicial notice of Plaintiff's application to proceed in forma pauperis in *Gastelum v. Hees II San Diego*, No. 21cv1337-JLS-RBB, ECF No. 2 (S.D. Cal. July 27, 2021) and a declaration filed in opposition to a motion to dismiss in another case, *Gastelum v. TJX Co*, No. 21cv6714-VKD, ECF No. 32 (N.D. Cal. May 27, 2022). While the Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy

application filed a year ago as Plaintiff's financial situation may have changed. *See Gastelum v. Lodging*, Case No. EDCV 22-63 JGB (KKx), 2022 WL 2101911, at *2-3 (C.D. Cal. Apr. 14, 2021) (declining to find that Plaintiff's financial status predetermines the viability of his claims because the plaintiff did not seek to proceed in forma pauperis in the case). In this case, Plaintiff paid the filing fee and did not seek IFP status.

Because the Court finds that Plaintiff has demonstrated Article III standing based on the deterrent effect doctrine, the Court DENIES Defendant's motion to dismiss for lack of Article III standing.[7]

## C.     Unruh Civil Rights Act Claim

Defendant argues that because the ADA should be dismissed for lack of subject matter jurisdiction, the state law claim must also be dismissed. (Dkt. No. 23-1 at 27.) Plaintiff responds that the Court should stay the decision on dismissing the Unruh Civil Rights Act claim, or alternatively, allow Plaintiff to amend the FAC to substitute the Unruh Civil Rights Act with the Disabled Persons Act.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, a court may decline to assert supplemental jurisdiction over a pendent claim if one of the following four categories applies: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Moreover, "district

---

cannot reasonably be questioned," Fed. R. Evid. 201, the Court DENIES the request for judicial notice as it was not considered as part of the Court's ruling.

[7] Because the Court concludes that Plaintiff demonstrated standing under the deterrence effect doctrine, the Court need not address the intent to return theory of standing raised by Defendant.

courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (citation omitted). Courts have "discretion to keep, or decline to keep, [supplemental state law claims] under the conditions set out in § 1367(c)." *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*). The district court, in its discretion, may raise supplemental jurisdiction *sua sponte*. *Id.* at 1000-01 & n.3.

After a review of the allegations in the FAC, the Court, *sua sponte*, declines supplemental jurisdiction over the state law claim because it substantially predominates over the federal claim and because there are compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c).

First, in this case, the state law claim substantially predominates over the ADA cause of action. "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966).

The Unruh Civil Rights Act allows plaintiffs both injunctive relief and monetary damages. *See* Cal. Civ. Code §§ 52, 55.56. It permits an award of attorney's fees and a $4,000 mandatory minimum for "each particular occasion that the plaintiff was denied full and equal access." *Id.* Meanwhile, under the ADA, monetary damages are not available and only injunctive relief is available. *See* 42 U.S.C. § 12188(a)(2); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (ADA is a purely injunctive statute that does not permit an award of monetary damages).

In his FAC, Plaintiff seeks $8,000 in statutory damages as well as injunctive relief under the Unruh Civil Rights Act. District courts have held that this alone is enough to find that Plaintiff's state law claim substantially predominates as the remedy sought is distinct from that of Plaintiff's ADA claim and because the ADA claim is merely a

secondary claim included to provide jurisdiction to file the complaint in this Court rather than the predominant claim in the case. *See Dalfio v. P.I.D. Univ., Inc.*, No. 21-cv-911-CAB-JLB, 2021 WL 1923280, at *1 (S.D. Cal. May 13, 2021) (*sua sponte* declining supplemental jurisdiction over plaintiff's Unruh Act claim); *Langer*, 516 F. Supp. 3d at 1090 ("California provides greater protection than the ADA by allowing recovery of money damages"); *Molski v. EOS Estate Winery*, No. CV 03-5880-GAF, 2005 WL 3952249, at *4 (C.D. Cal. 2005) ("Even though Plaintiffs have submitted a notice of voluntary limitation of damages, seeking only an award of $4,000 to [plaintiff], it is still clear that the claim for damages is the predominant focus of this lawsuit.").

Second, the ADA and the Unruh Civil Rights Act have significantly different pleading requirements and remedies. In 2012, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Civil Rights Act. *See* Cal. Civ. Proc. Code § 425.50(a)(1)-(3)[8] (eff. Jan. 1, 2013). In 2015, the Unruh Act added procedural requirements for "high-frequency litigants", which requires qualifying individuals to pay additional filing fees and plead even more specific information in their complaints. *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A)[9] (eff. Oct. 10, 2015). These

---

[8] A complaint alleging an Unruh Civil Rights Act claim must allege the following "(1) A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or she was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier. (2) The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion. (3) The date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred." Cal. Civ. Proc. Code § 425.50(a)(1)-(3).

[9] The heightened pleading requirement for high-frequency litigants must state the following: "(i) Whether the complaint is filed by, or on behalf of, a high-frequency litigant. (ii) In the case of a high-frequency litigant who is a plaintiff, the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months prior to filing the complaint. (iii) In the case of a high-frequency litigant who is a plaintiff, the reason the individual was in the geographic area of the defendant's business. (iv) In the case of a high-frequency litigant who is a plaintiff, the reason why the individual desired to access the defendant's business, including the specific commercial, business, personal, social, leisure, recreational, or other purpose." Cal. Civ. Proc. Code § 425.50(a)(4).

unique pleading requirements were imposed in order to "deter baseless claims and vexatious litigation," an issue of particular importance in California because of the unique availability of statutory damages available under the Unruh Act. *See Schutza v. Cuddleback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017).

Here, Plaintiff Gastelum has filed at least 42 lawsuits as a plaintiff across California in 2021 and 2022 and is a "high-frequency litigant".[10] Because Plaintiff is a high-frequency litigant and the California legislature has implemented heightened pleading requirements, the Court finds that comity and deference to California's interest in monitoring and regulating Unruh Civil Rights Act complaints present compelling reasons to decline to exercise supplemental jurisdiction. *See Langer v. Kiser*, 516 F. Supp. 3d 1066, 1090 (S.D. Cal. 2021) (finding comity to be a compelling reason for declining supplemental jurisdiction over state claims); *Schutza*, 262 F. Supp. 3d at 1031 (finding as a matter of comity and California's substantial interest in discouraging unverified disability discrimination claims to be a compelling reason for declining supplemental jurisdiction over state claims); *Marquez v. KBMS Hosp. Corp.*, 492 F. Supp. 3d 1058, 1062 (C.D. Cal. 2020) (declining supplemental jurisdiction over an Unruh Act claim because California "deserves the opportunity to enforce" its detailed statutory scheme regarding damages under the Unruh Act).

Because the state law claim substantially predominates over the ADA claim and there are compelling reasons for declining jurisdiction due to California's heightened pleading standard for Unruh Civil Rights Act claims, the Court declines to extend supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(2).

To the extent Plaintiff, without explanation, seeks to amend the FAC to allege a violation of the Disabled Persons Act ("DPA"), Cal. Civ. Code § 54 *et seq.*, the

---

[10] "High-frequency litigant" means, *inter alia,* a "plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code § 425.55(b)(1).

heightened pleading requirement also applies to the DPA. *See* Cal. Civ. Proc. Code § 425.50(a) (heightened pleading requirement applies to "construction-related accessibility claim" as defined under Cal. Civ. Code § 55.52); Cal. Civ. Code § 55.52(a)(1) ("'Construction-related accessibility claim' means any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55 . . ."). Therefore, because amendment would be futile, the Court denies Plaintiff's request for leave to file a second amended complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Accordingly, the Court *sua sponte* DECLINES supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act claim and DISMISSES the claim subject to refiling in state court.

## CONCLUSION

Based on the above, the Court DENIES Defendant's motion to dismiss Plaintiff's ADA claim for lack of subject matter jurisdiction and *SUA SPONTE* declines supplemental jurisdiction over the Unruh Civil Rights Act and DISMISSES the state law claim subject to refiling in state court. Defendant shall file an answer pursuant to the provisions of the Federal Rule of Civil Procedure.

IT IS SO ORDERED.

Dated: July 22, 2022

Hon. Gonzalo P. Curiel
United States District Judge