UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>                              Plaintiff,<br><br>v.<br><br>TJX COMPANIES dba HOMEGOODS SAN DIEGO,<br><br>                              Defendant. | Case No.: 21CV1435-GPC(BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DENYING REQUEST FOR SANCTIONS**<br><br>**[REDACTED – ORIGINAL FILED UNDER SEAL]**<br><br>**[Dkt. No. 49.]** |

Before the Court is Defendant's motion to enforce settlement and for sanctions. (Dkt. No. 49.) Plaintiff filed a response. (Dkt. No. 53.) Defendant replied. (Dkt. No. 55.) Based on the reasoning below, the Court GRANTS Defendant's motion to enforce settlement agreement and DENIES Defendant's request for sanctions.

## Background

On August 11, 2021, Plaintiff Fernando Gastelum ("Plaintiff"), proceeding pro se, filed a complaint against Defendant the TJX Companies Inc. ("Defendant") for violations of the Americans with Disabilities Act and "California's civil rights law." (Dkt. No. 1, Compl.) On March 22, 2022, the Court granted Plaintiff's unopposed motion for leave to

file an amended complaint and denied Defendant's motion to dismiss the complaint as moot.  (Dkt. No. 18.)  On March 28, 2022, Plaintiff filed the operative FAC alleging violations of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code sections 51-53 as to Defendant's Homegoods Store ("Store") located at 3331 Rosecrans Street in San Diego, California.   (Dkt. No. 19, FAC ¶ 3.)  Specifically, Plaintiff, a disabled person using a wheelchair, alleged access barriers in the Store due to protruding objects between rows of displays and the narrow width of the aisles making it difficult for him to maneuver in his wheelchair.  (*Id.* ¶ 9.)  On July 22, 2022, the Court denied Defendant's motion to dismiss the ADA cause of action and *sua sponte* declined supplemental jurisdiction over the state law Unruh Civil Rights Act claim and dismissed it without prejudice to refiling it in state court.  (Dkt. No. 31.)  Defendant filed an answer on August 5, 2022.  (Dkt. No. 32.)

On September 8, 2022, Plaintiff and defense counsel met at the Store for an informal inspection and Plaintiff said that the Store looked great and he did not find any issues barring him full and equal access to the Store and would be "rethinking the lawsuit."  (Dkt. No. 49-3, Arnett Decl. ¶ 3.)  On September 22 and 26, 2022, the Magistrate Judge held an early neutral evaluation conference via Zoom.  (Dkt. Nos. 36, 37.)  The parties reached a settlement on September 26, 2022 and the material terms were placed on the record.  (Dkt. No. 37; Dkt. No. 49-3, Arnett Decl. ¶¶ 6, 10; Dkt. No. 61, Arnett Decl. ¶¶ 4, 8 at 26-27[1] (UNDER SEAL).)

On September 29, 2022, when Defendant sent the written draft settlement agreement to Plaintiff, he returned the draft agreement and removed and/or changed all four material terms.  (Dkt. No. 49-3, Arnett Decl. ¶ 12; Dkt. No. 61, Arnett Decl., Ex. C at 39-49 (UNDER SEAL).)  Due to Plaintiff's disagreement with the material terms of

---

[1] Page numbers are based on the CM/ECF pagination.

the settlement agreement, a status conference was held with the Magistrate Judge on November 2, 2022, (Dkt. No. 41), during which the judge summarized the material terms of the settlement but Plaintiff continued to refuse to acknowledge the agreement he entered into at the ENE conference. (Dkt. No. 49-3, Arnett Decl. ¶ 16.)

On November 23, 2022, Defendant filed a motion to enforcement settlement and for sanctions. (Dkt. No. 49.) In response, Plaintiff asserts that there is no dispute regarding any terms of the settlement. (Dkt. No. 53.)

## Discussion

### A. Motion to Enforce Settlement Agreement

A district court has the inherent power to summarily enforce, by way of motion, a settlement agreement entered into while the litigation is pending before it. *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). This enforcement power extends to oral agreements. *Doi v. Halekulnai Corp.,* 276 F.3d 1131, 1138 (9th Cir. 2002). An "oral agreement is binding on the parties, particularly when the terms are memorialized into the record," and "even if a party has a change of heart [after agreeing] to its terms but before the terms are reduced to writing." *Id.* (quoting *Sargent v. HHS*, 229 F.3d 1088, 1090 (Fed. Cir. 2000); *see Henderson v. Yard House Glendale, LLC*, 456 Fed. App'x 701, 702 (9th Cir. 2011) (district court did not abuse its discretion in enforcing settlement agreement after it was entered on the record in open court and where the plaintiff later refused to execute a formal agreement to dismiss the case).

"To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement. Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marks-Forman v. Reporter Pub. Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998) (internal citations omitted); *see also Barefield v. Darden Rests., Inc.*, No. C14–03733 CRB, 2015 WL 4451813, at *2 (N.D. Cal. July 20, 2015) (*same*).

Here, on September 22 and 26, 2022, the Magistrate Judge facilitated and presided over the settlement conference between the parties.  (Dkt. Nos. 36, 37.)  On September 26, 2022, the Magistrate Judge confirmed that the parties reached a settlement agreement and the material terms were placed on the record.  (Dkt. Nos. 37, 45.)  The four material terms placed on the record were: 1) ███████████████████;[2] 2) ████████████████████████████████████████████████████████████████████████████████████████████████; 3) "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"; and  4) "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████."  (Dkt. No. 45 at 2-4.)  Both Plaintiff and Defendant affirmatively assented that these four terms were the necessary terms of the settlement agreement.  (*Id.* at 4.)

In its motion, Defendant moves for enforcement of the settlement agreement because Plaintiff returned the draft settlement agreement proposed by Defendant that removed and/or changed all four material terms that were agreed to at the ENE conference.  (Dkt. No. 49.)  In response, Plaintiff states that there is no dispute regarding

---

[2] The video and audio recording were inoperable when the Magistrate Judge announced the first material term concerning payment of $800 to Plaintiff but this first term is not in dispute.  (Dkt. No. 45 at 2.)

any terms of the settlement and highlights where in the settlement agreement he provided assent. (Dkt. No. 53.) In reply, Defendant maintains that it filed a motion to enforce the settlement agreement because Plaintiff changed his position by changing and/or deleting material terms from the draft settlement agreement, in emails to defense counsel and statements made before the Magistrate Judge at the November 2, 2022 status conference[3]; however, Defendant maintains that it appears that Plaintiff has now done another "about face" claiming there is no dispute regarding the terms of the settlement agreement. (Dkt. No. 55.) In any event, because Plaintiff does not dispute any terms of the settlement agreement, the Court should grant its motion to enforce settlement agreement. (*Id.*)

Upon the Court's review of Plaintiff's suggested changes to the settlement agreement, the Court recognizes that Plaintiff made changes to many non-material terms. However, contrary to Defendant's claim, Plaintiff agreed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[4] (Dkt. No. 61, Arnett Decl., Ex. C at 42, 43 (UNDER SEAL).) As to the remediation, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, (*id.* at 42), and instead ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, (*id.* at 41). But according to the transcript recording the terms of the settlement agreement, both parties agreed to the following on the remediation, "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,

---

[3] No transcript has been provided as to what was discussed at the status conference.
[4] Plaintiff acknowledged that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ he edited was in error which he corrected in his subsequent email to defense counsel. (Dkt. No. 53 at 1, 3.)

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." (Dkt. No. 45 at 3-4.) Relatedly, the FAC specifically alleged ADA violations and sought relief on maintaining the aisles free of obstruction and to remediate the width of the aisles to be ADA compliant. (Dkt. No. 19, FAC ¶ 9.) Therefore, because Plaintiff agreed to the remediation provision concerning the aisles at the settlement conference, the Court GRANTS Defendant's motion to enforce the settlement agreement.

**B.  Sanctions**

Defendant also seeks $5,000 in sanctions under the Court's inherent authority for Plaintiff's refusal to agree to the material terms of the settlement agreement entered on the record on September 26, 2022 which required the filing of the instant motion to enforce settlement agreement. (Dkt. No. 49 at 5.) Plaintiff disagrees. (Dkt. No. 53 at 4.)

The Court has the discretion and inherent authority to impose sanctions for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or "willfully abuse[s] judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (internal citations and quotations omitted); *Chambers v. NASCO, Inc*., 501 U.S. 32, 46–47 (1991) (where litigant "engaged in bad faith or willful disobedience of a court's order," inherent power "extends to a full range of litigation abuses").

Here, the red-lined changes made by Plaintiff did not significantly alter all four material terms of the settlement agreement as noted by Defendant. As discussed above, Plaintiff did not dispute three of the material terms and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The Court does not find that Plaintiff's suggestions to the draft settlement agreement constitute willful or bad faith conduct. Accordingly, the Court DENIES Defendant's request for sanctions.

**C.  Filing Opposition Under Seal**

Finally, Defendant requests that Plaintiff's opposition be filed sealed as it contains confidential settlement terms. Because the Court granted Defendant's motion to seal the

terms of the confidential settlement agreement, (Dkt. Nos. 60, 62), the terms of the settlement in Plaintiff's opposition should also be filed under seal.[5] Thus, the Court DIRECTS the Clerk of Court to file Plaintiff's opposition under seal, (Dkt. No. 53), and DIRECTS Plaintiff to file a version of the opposition redacting the terms of the settlement agreement on or before January 27, 2023.

### Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to enforcement settlement agreement and **ORDER** as follows:

1. Within fourteen (14) days of this Order, Defendant ███████████ ████████████.

2. Plaintiff ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

3. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

4. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[5] The Court notes that the transcript of the settlement proceeding containing the material terms of the settlement agreement is publicly filed.

██████████████████████████████████████
█████████████████████.

5. The Court DENIES Defendant's request for sanctions.

6 The Court DIRECTS the Clerk of Court to file Plaintiff's opposition, (Dkt. No. 53), UNDER SEAL, and DIRECTS Plaintiff to file his opposition that redacts the terms of the settlement agreement on or before **January 27, 2023**.

6. This action is **DISMISSED** with prejudice, and a **JUDGMENT** will be entered consistent with this Order. The hearing set on January 27, 2023 shall be **vacated.**

IT IS SO ORDERED.

Dated: January 19, 2023

Hon. Gonzalo P. Curiel
United States District Judge